ALVAN MCKENNEY and another, appellants from decree of JUDGE OF PROBATE, *vs.* ABIGAIL ALVORD.

York. Opinion March 2, 1882.

*Practice. Probate cases.*

The law court may properly consider and determine motions to set aside as against law and evidence verdicts of juries rendered in probate cases upon issues framed at *nisi prius*, when reported by the presiding justice with all the evidence adduced at the trial.*

ON MOTION to set aside the verdict.

An appeal from a decree of the judge of probate approving and allowing the will and codicil of Aaron McKenney.

The case is stated in the opinion.

*R. P. Tapley,* for the appellants.

In the trial of causes of this character the judge sits as supreme court of probate. The proceedings before the jury are simply advisory to inform the conscience of the court. *Bradstreet* v. *Bradstreet,* 64 Maine, 205; *Larrabee* v. *Grant,* 70 Maine, 79.

The verdict is not to be set aside, it is simply to be disregarded. It is the opinion of twelve men, who heard the case, of more or

---

*See *Carvill* v. *Carvill, ante* p. 136.

less value according to the intelligence of the jury, but not bind-
ing upon any court. How can it be set aside? Of what utility
to undertake the task of setting aside or undoing a nullity?

The power given the court to set aside an act is given as a
remedy for some evil which the act works.

There is no authority for substituting an opinion of law court
for that of the jury. That is practically what this motion calls
for.

The statute nowhere authorizes the law court to withdraw from
the judge of supreme court of probate an opinion or finding of a
jury rendered at his request to inform his conscience.

*H. Fairfield* and *Ayer and Clifford*, were also for appellants.

*Augustus F. Moulton and Ira T. Drew* for the proponents,
cited: *Bradstreet* v. *Bradstreet*, 64 Maine, 204; 2 Story,
Equity, § § 1447, 1479, a; *Grant* v. *Larrabee*, 70 Maine, 79;
R. S., c. 63, § 21; *Higbee* v. *Bacon*, 11 Pick. 423; *Barnes* v.
*Barnes*, 66 Maine, 286; *Robinson* v. *Adams*, 62 Maine, 369;
*Small* v. *Small*, 4 Maine, 220.

BARROWS, J. On the fifth day of January, 1878, Aaron McKenney,
a childless widower, at that time more than one hundred years
old, executed a will revoking previous testamentary dispositions
of several parcels of real estate in favor of certain of his kin-
dred and friends, and devising to Abigail Alvord, his house-
keeper, the appellee, his homestead farm with the buildings
thereon, including the Haines field of five acres, more or less,
and all the stock, farming utensils and tools, furniture and
household goods, with the exception of one clock; also the Libby
farm, near the Heath meeting-house in Saco; and appointing
said Abigail Alvord executrix of the will, with a request to the
judge of probate that no bond be required of her. Some time
afterwards the plain one story farm house in which he had lived
for many years was consumed by fire; and in his one hundred
and second year he (or those who had the management of his
affairs) proceeded to erect upon the homestead farm, thus
devised to his housekeeper, a somewhat costly dwelling house
after the modern style. Some of his kindred and expectant

heirs instituted proceedings in probate court for the appointment of a guardian for him, and upon inquisition made, the municipal officers of Saco, June 2, 1879, certified to the judge of probate their opinion that he was "of unsound mind and incompetent to manage his own estate or protect his rights thereto," and upon notice issued from the probate court and hearing had, the probate judge so decreed, on the first Tuesday of August, 1879, and appointed a guardian to whom letters of guardianship were issued. The attorney who appeared for Aaron McKenney before the probate court, took an appeal from the decree of the probate judge, which was pending at the time of McKenney's death in February, 1880. But in August, 1879, shortly after the decree of guardianship in the probate court, he had executed a codicil to his will in which he says, "I hereby will and direct that my relations and heirs, except Aaron McKenney of Buxton and Charles W. McKenney of Hollis, shall have no part of my property. With the exception of said Aaron and Charles they have nearly all acted as enemies to me, or have given me no proof of their friendship or sympathy." Whereupon he devises to his grand-nephew, Charles, a ten acre wood lot in Buxton, to be received by Charles in satisfaction of what the testator owed him; and as he says his nephew Aaron "has a good property of his own, I therefore leave him only an expression of my grateful feelings for his kindness to me." It is noticeable that he makes no exception in favor of those of his kindred who took no part in the petition for guardianship or those who signed his remonstrance against it; but hereupon devises all the remainder of his property, real and personal, to his housekeeper, Abigail Alvord, a woman already past seventy years of age, to whom, in the will, he had previously given the homestead and the Libby farm.

Some of the heirs at law appealed from the decree of the judge of probate approving and allowing these instruments, and, upon issues framed in the Supreme Judicial Court, the jury at the January term, 1881, found that at the time of executing the will in January, 1878, the testator was of sound mind and not unduly influenced by Abigail Alvord or any other person; but that at the time of executing the instrument purporting to be a codicil,

in August, 1879, he was not of sound mind and was under undue influence. Thereupon the executrix of the will, who is the principal devisee, moves to set aside the findings respecting the codicil as against law and evidence, and presents the case here upon that motion and a report of the evidence certified by the presiding justice, with the proviso that if the moving parties are entitled to have the consideration of the full court upon such a motion against objection interposed by the other side, the full court is to pass upon the motion, and if the findings of the jury are set aside the case is to stand for trial; otherwise a decree to be entered, approving and allowing the will, and disallowing and rejecting the codicil, and remanding the case to the probate court.

We have no doubt of the power of this court to consider and pass upon the motion. By R. S., chap. 63, § 21, the Supreme Judicial Court, which, according to R. S., chap. 77, § 1, consists of a Chief Justice and seven associate justices, is made the supreme court of probate, and has appellate jurisdiction in all matters determinable by the several judges of probate, and while appeals from the probate courts are cognizable in the first instance at a *nisi prius* term held by one member of the appellate court, and his decision may in some cases be final, in very many cases his doings are subject to revision, according to the ordinary course of proceeding by the law court, and any errors in law, into which he may fall, may be corrected, or any questions which he may see fit to present by report to the law court are cognizable by it upon proper proceedings to bring them before it.

The present case is one which falls directly within the first specification in § 13, c. 77, of cases that come before the court as a court of law, viz: "cases in which there are motions for new trials upon evidence reported by the judge." And, indeed, counsel in presenting this point, denies not so much the power of the court to pass upon such a motion as the propriety of its exercise in a case where the findings of the jury are advisory merely, and the court might go on to pronounce a decree *non obstante veredicto*. The suggestion is more plausible than sound. Construing all the statute provisions regulating the proceedings of this court at *nisi prius* and as a law court together, it cannot be doubted that, either upon exceptions or motion, the law court

has a revisory power over the proceedings at the jury term, in all proper cases. If this court has the power, it is the right of either party who deems himself aggrieved, to call upon us to examine the alleged grievance, and if law and justice require, to relieve it. That a verdict of this description would be regarded by a judge at *nisi prius*, as an obstacle to a decree in favor of the proponent for the approval of the codicil, is very certain. It is true that under our present statutes (laws of 1872, c. 83,) the judge, at *nisi prius*, may set aside a verdict in a case tried before him, and grant a new trial when in his opinion the evidence in the case demands it. But this power must be exercised at the trial term if at all, and when there have been two verdicts against the applicant, the verdict is not to be set aside by a single justice. In proceedings according to the course of the common law, the losing party has his election to address his motion to the presiding justice or to the full court. *Averill* v. *Rooney*, 59 Maine, 580. Whether where an issue has been framed to the jury in a probate case, the judge presiding at the trial has discretionary power to refuse to report the evidence to the law court, or to disregard the verdict and make a decree according to his own view of the evidence and the facts proved, is not now the question. If a single justice has such a power in a class of cases so important as the present, he did not in this instance see fit to exercise it, but reported the whole case to this court for determination as he lawfully might do under R. S., c. 77, § 13. Whether the court see occasion to submit the issues raised to the jury again or not, we think it makes a more orderly, intelligible and symmetrical record, to set the verdict aside, if the evidence requires it, than simply to render a judgment in opposition to it; and such has been the practice in probate appeals, and in the analogous case of issues of fact presented to the jury in suits in equity. *Withee* v. *Rowe*, 45 Maine, 571; *Larrabee* v. *Grant*, 70 Maine, 79.

But upon a careful examination of the two hundred and seventy printed pages of evidence here reported, we find no sufficient cause to sustain the motion or disturb the findings of the jury.

The testimony may well be regarded as showing a gradual but serious decay of the powers, bodily and mental, of this extremely

aged testator. The case presents some very peculiar features. If we regard it as questionable whether a want of testamentary capacity is clearly established on the whole evidence, it must still be said that great weakness and unusual exposure to undue influence, are painfully evident. There is uncontradicted testimony which, if believed, shows that the testator in years past, was by no means master of his own household, but was subject to a control which he desired in vain to throw off.

Whatever the character of the influence thus acquired over him may have been, it is a significant fact that none of those who from their position in his family would be likely to know best in regard to it, are brought forward by the proponent as witnesses, nor does she present herself to explain or rebut the accounts which she is said by contestant's witnesses to have given of his condition. There is pregnant evidence, moreover, that in the latter part of his days, more particularly after the execution of the codicil, there was something to be concealed by the persistent exclusion of all his relatives from his house. The devise in the codicil to the proponent is declared in set terms to be "in token of my appreciation of her thirty years service in my behalf;" but the evidence shows unmistakably that she was his housekeeper scarcely more than a third of that time, and that at times for a considerable period of years, she and her associates were anything but welcome occupants of a part of his house, because he did not possess sufficient energy to rid his premises of them.

Looking at the whole case, we do not find ourselves inclined to question the correctness of the findings of which the proponent complains.

*Motion overruled. Decree approving and allowing the will dated January 5, 1878, and rejecting and disallowing the codicil thereto dated August 6, 1879, to be signed; and case remanded to probate court for further proceedings in conformity with this decree.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ. concurred.